In re Downhour, Shelia; Downhour, Michael; — Other(s); Applying for Writ of Cer-tiorari and/or Review in No. 97-C-0513; to the Court of Appeal, Second Circuit, Number 29725-JAC; Parish of Ouachita 4th Judicial District Court Div. “C” Number 2696.
In re Shelia and Michael Downhour; — Other(s); Applying for Clarification of an Order of this Court dated January 31, 1997 in No. 97-C-0307; Court of Appeal, Second Circuit No. 29725-JAC; Parish of Ouachita 4th JDC No. 2696 Div. “C”.

ORDER

| iClarification granted, otherwise denied. On January 30,1997, relators filed a pleading in this Court entitled, “Application for Emergency Stay Order and for Writs of Certiorari and Review from Ruling of the Second Circuit Court of Appeal in No: JAC-29725,” which consisted entirely of a request for a stay order and argument in support of a stay, obviously intending to file a supplement to present their case for and arguments in support of the writ application. On the following day, January 31, 1997, this Court denied the stay and denied the writ as well, without allowing relators the opportunity to present the substance of their writ application or brief in support. When alerted by relator to the fact that the writ had been prematurely denied, this Court thereupon invited counsel for relators to file, by way of supplement, their writ application and brief in support. This Court now entertains the supplement *664 filed by relators, as well as the application filed February 27,1997 (97-C-0513).
This case is remanded to the district court to enter an order for blood/DNA testing of the child, the natural mother and Jason Kelly. La.R.S. 9I396.[1] If the testing proves Jason Kelly is the biological father, the trial court is to enter a judgment enforcing the judgment of the court of appeal dated January 29, 1997. If the testing proves Jason Kelly is not the biological father, the |2trial court should confirm that fact by judgment and transfer the case back to this Court for further consideration of relator’s pending writ application.
MARCUS, C.J., would deny the writ in 97-C-0513.
LEMMON, J. not on panel in 97-C-0513.
KIMBALL, J. would deny the writ in 97-C-0513.
KNOLL, J. would deny the writ in 97-C-0513.
MARCUS, C. J., and KIMBALL and KNOLL, JJ., would deny the writ in 97-C-0307.
LEMMON, J., not on panel in 97-C-0307.

. La.R.S. 9:396, entitled "Authority for test; ex parte orders; use of results,” reads, in pertinent part, as follows:
A. Notwithstanding any other provision of the law to the contrary, in any civil action in which paternity is a relevant fact, or in an action en desaveu, the court, upon its own initiative or upon request made by or on behalf of any person whose blood or tissue is involved, may or, upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child, and alleged father to submit to the collection of blood or tissue samples, or both, and shall direct that inherited characteristics in the samples, including but not limited to blood and tissue type, be determined by appropriate testing procedures. If any party refuses to submit to such tests, the court may resolve the question of paternity against such party or enforce its order if the rights of others and the interests of justice so require.