LGAIDRY, J.
WB and CB sought to adopt AKA, a male child born in November 2000 to AA. AA executed an act of surrender, but the child’s alleged biological father, KO, opposed the adoption. After a hearing, the trial court maintained KO’s opposition and dissolved AA’s surrender.[1] WB and CB (appellants) appeal.
At the beginning of the hearing, counsel for appellants orally requested that the court order blood tests to prove KO’s paternity of AKA. KO did not formally acknowledge AKA, his name does not appear on the birth certificate, and he did not register with the Putative Father Registry. AKA’s attorney did not object to the blood tests. But when the trial court questioned KO about the blood tests, he replied, “I don’t need one.... I know he’s mine. I took care of him.” The trial court denied the request, stating that KO’s appearance to contest the adoption was a tacit acknowledgment and that paternity was “not an issue.”
Appellants’ first assignment of error on this appeal is that the trial court erred in denying their request for blood tests. After reviewing the applicable jurisprudence, we agree. In In the Interest of E.C.B., 29,725 (La.App. 2 Cir. 1/29/97), 691 So.2d 687, the alleged father formally acknowledged the child, registered with the Putative Father Registry, and opposed the adoption. The court of appeal found there was no need to obtain a judgment of paternity because no one actually disputed the alleged father’s paternity. The court dissolved the surrender and awarded custody to the alleged father. The Louisiana Supreme Court, however, upon application for writs, remanded the case to the district court Lfor blood/DNA testing. In the Interest of E.C.B., 97-0513 (La.3/7/97), 691 So.2d 663.
This error by the trial court compels us to vacate the judgment of the Juvenile Court and remand this case to the court below. The Juvenile Court shall order DNA/blood testing of KO and AKA and hold a new hearing to receive those results into evidence within 20 days of the date of this order. The Juvenile Court shall then enter a new judgment, which can then be appealed to this court in an expedited manner pursuant to Louisiana Children’s Code article 1143 if any party so desires. Until the Juvenile Court renders a new judgment, we hereby order that custody of AKA be maintained with KO.[2] Costs of this appeal are to be divided equally between appellants, WB and CB, and appellee, KO.
JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS.

. We note that the Juvenile Court's order of August 2, 2002, which approved AA’s surrender, also terminated her parental rights. The judgment appealed from herein does not mention the termination. We further note that in both written reasons and oral reasons the trial court stated AKA was to be placed in his father's custody within ten days of the date of the judgment. The judgment, however, does not mention custody.

. While there is no formal judgment awarding custody of AKA to KO, we presume KO presently has de facto custody in light of the trial court's oral and written reasons.